Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Ronald Fay*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD FAY,<br><br>        Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>        Defendant. | Case No.: 2:20-cv-03557<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227 *et seq.*;<br>2. Cal Civ. Code § 1788 *et seq.*;<br>3. Intrusion Upon Seclusion<br><br>(Unlawful Debt Collection Practices) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ronald Fay ("Plaintiff"), through his attorneys, alleges the following against Defendant, Synchrony Bank ("Defendant" or "Synchrony"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute

that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in California.

8. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

9. Plaintiff is a debtor as defined by Cal. Civ. Code § 1788.2(h).

10. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

11. Defendant is attempting to collect on a "consumer debt" as defined by Cal. Civ. § 1788.2(f).

12. Defendant is a banking institution engaged in the business of giving credit and the collection of debt. Defendant can be served at its principal place of business is located at 170 West Election Road, Suite 125, Draper, Utah 84020.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendant was attempting to collect an alleged debt from Plaintiff.

15. In or around August 2019, Defendant began placing calls to Plaintiff's cellular phone number ending in 4512, in an attempt to collect an alleged debt.

16. The calls mainly originated from (972) 512-3472; (800) 292-7508; (614) 729-5602; (972) 512-3474; (855) 209-2836; and (855) 209-2386. Upon information and belief, these numbers are owned or operated by Defendant.

17. On or about August 12, 2019, at approximately 9:25 a.m., Defendant called Plaintiff from (972) 512-3472.

18. When Plaintiff answered the phone, he heard a short pause before the representative began speaking, indicating the use of an automated telephone dialing system.

19. During this phone call, Plaintiff apologized for his inability to make a payment and revoked consent to be contacted any further.

20. Despite his clear revocation of consent, Defendant ignored Plaintiff's request and continued to call his cellular phone on an almost daily basis.

21. Defendant often called Plaintiff several times in a single day, including up to five (5) times in a single day.

22. On or around October 7, 2019, Defendant called Plaintiff from (855) 209-2836 at 12 p.m.

23. When Plaintiff answered Defendant's call, he heard a brief pause before a representative began speaking, indicating the use of an automated telephone dialing system.

24. While speaking to the representative, Plaintiff apologized because he was still unable to make a payment. Again, Plaintiff revoked consent to be contacted any further.

25. Between August 12, 2019 and October 31, 2019, Defendant called Plaintiff's cellular phone approximately one hundred and fifteen (115) times.

26. During this time, Defendant called Plaintiff almost every day, and usually called multiple times in single day.

27. Defendant's conduct was not only willful, but also was done with the intention of stressing Plaintiff into paying the alleged debt.

28. Further, Defendant's conduct was done with such frequency so as to harass Plaintiff.

29. Plaintiff began to face financial difficulty when he lost his job and was not able to keep up with his bills.

30. Despite his best efforts to find a new position, Plaintiff was unemployed for a few months. During that time, Plaintiff had to financially support

himself and his children, all while attempting to pay for rent, groceries and cover the basic necessities for him and his children.

31. Fortunately, Plaintiff found a new position after a few stressful months but the new job paid less than his previous one.

32. As a result, Plaintiff still struggled to pay for his and his children's basic necessities, including rent, car payments, insurance, groceries, medical insurance, etc.

33. Defendant's actions caused Plaintiff additional emotional distress and mental pain and anguish. Defendant blatantly disregarded Plaintiff's revocations to be contacted and violated his privacy by bombarding his with automated debt collection calls.

34. Defendant's conduct also exacerbated Plaintiff's existing sleeping issues. As a result of the stress induced by Defendant's incessant phone calls, Plaintiff took increased amounts of his prescribed sleeping medication.

35. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, stress, headaches, sleepless nights, anxiety, embarrassment, emotional and mental pain and anguish.

## COUNT I

**(Violations of the TCPA, 47 U.S.C. § 227)**

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

38. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

   c. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   d. Defendant violated Cal. Civ. Code § 1788.11(d) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

  e. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

    iii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

41. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

# COUNT III

## (Intrusion Upon Seclusion)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

45. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite multiple requests for Defendant to contact Plaintiff in writing only and to stop calling.

   b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests to stop calling and to contact him through the mail constitute an intrusion on Plaintiff's privacy and solitude.

  c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work and daily schedule.

  d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Ronald Fay, respectfully requests judgment be entered against Defendant, Synchrony Bank, for the following:

 A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

 B. Declaratory judgment that Defendant violated the RFDCPA;

 C. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

 D. Actual damages pursuant to Cal. Civ. Code §1788.30(a);

 E. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

Dated: April 16, 2020

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Ronald Fay*